TRACY v. THE GUTHRIE COUNTY AGRICULTURAL SOCIETY.

1. **Corporation**: POWERS OF OFFICERS.  The articles of a corporation authorizing the executive committee of the board of directors "to do all acts necessary for the prosperity of the society in the intervals of the meeting of the board," were *held* not to confer upon the committee authority to purchase real estate, especially where the purchase was not assented to by the entire committee, but only by a majority thereof.

2. ———: ———: RATIFICATION.  A ratification of the unauthorized acts of officers, to bind the corporation must be made by the corporation, and cannot be inferred from the conduct of the officers whose acts were unauthorized.

*Appeal from Guthrie Circuit Court.*

FRIDAY, OCTOBER 19.

ON the 20th day of April, 1876, plaintiff commenced an action upon a promissory note, and for the foreclosure of a mortgage executed to secure it.   The note is as follows:

"GUTHRIE CENTER, IOWA, April 16, 1875.

On or before January 15, 1878, for value received, the Guthrie County Agricultural Society agrees to pay William Tracy six hundred and forty dollars, with ten per cent. interest, payable annually, and if it becomes necessary to collect this note by suit, it is agreed that a reasonable amount shall be allowed as attorney's fees.

IRA P. WETMORE,
*Pres't Guthrie County Agr'l Society.*
"JOSHUA PRIOR,
*Sec'y Guthrie County Agr'l Society.*"

The defendant answered, alleging in substance that the note in question was given in part consideration of the purchase of

twenty acres of ground for a new fair ground, at the price of fifty dollars per acre, which was secured by a mortgage on the land purchased; that as part consideration for said purchase Wetmore and Prior conveyed to William Tracy the old fair ground, a little over seven acres, for $360; that said old fair ground did not belong to defendant; that Wetmore and Prior had no authority to make the purchase, execute the note, or convey the old fair ground. The defendant, by way of cross action, prays that the note, mortgage, conveyance to defendant of twenty acres, and conveyance by Wetmore and Prior to plaintiff of said old fair ground, all be set aside. Upon the filing of this answer the plaintiff withdrew his action, without prejudice. The court refused to dismiss the case, holding that defendant's answer was a cross-claim. The plaintiff answered the cross-claim, alleging that Wetmore and Prior, in all that they did, acted in pursuance of instructions of defendant, and that, after the purchase, defendant ratified the same by taking possession of the new fair ground, and permitting plaintiff to take possession of the old. The court set aside the note and mortgage, and deed of the old fair ground to plaintiff and the deed of the new fair ground to defendant, and thus restored the parties, substantially, to the same position they occupied before the contract was made. Plaintiff appeals.

*A. K. Updegraff* and *J. H. Bailey*, for appellant.

*J. B. Carpenter* and *C. Haden*, for appellee.

DAY, CH. J.—I. The evidence shows that the seven acres conveyed to plaintiff were owned by an old agricultural society, organized in 1858, and whose organization expired in 1868. There is no proof that the defendant succeeded to the rights of property of this old society. The defendant was organized on the 20th day of June, 1871. Its articles of incorporation provide that it "may acquire and hold all property necessary for the convenience and success of the society." Articles 2 and 4 of the articles of incorporation are as follows: " The officers of this society shall consist of a president, vice-president, secretary, treasurer, and one director

1. CORPORA-
TION: powers
of officers.

from each township in the county. They together, or any three of this number, shall constitute a quorum for the transaction of business. The president, vice-president and secretary shall constitute an executive committee, and shall have power to do all acts necessary for the prosperity of the society in the intervals of the meeting of the board, and they together are ex-officio members of the board." The articles do not provide the manner of contracting for, or of conveying real estate. In April, 1875, at a meeting of the board of directors, Ira P. Wetmore, president, G. J. Maris, vice-president, and D. L. Chantry were appointed a committee to select a fair ground, and ascertain upon what terms it could be procured, and report to a subsequent meeting of the board of directors. No authority was conferred upon this committee to purchase ground. They were simply to look the matter up and report. The committee selected twenty acres of land owned by plaintiff, which plaintiff agreed to sell to the society for $50 an acre. Afterward Wetmore reported the committee's action to a meeting of the board, when Maris and two other directors were present. No objection was made to the report, nor was there any motion or resolution passed respecting it. No formal action was taken upon it. The president called another meeting of the directors, and notified the member in each township, but no one came. Thereupon Wetmore and Prior, two members of the executive committee, purchased the land of plaintiff, conveyed to him the old fair ground in part consideration, executed the note of the society for $640, with ten per cent. interest, payable annually, and secured it by mortgage upon the land purchased of plaintiff. A mere statement of the transaction is sufficient to show that their action was utterly unauthorized, and that it does not bind defendant. No authority is conferred upon the executive committee to buy or sell real estate. It has "power to do all acts necessary for the prosperity of the society in the intervals of the meeting of the board." This simply authorizes the executive committee, in the interval of the meetings of the board, to do acts, from the omission of which the prosperity of the society would suffer. The acts must be "necessary for the prosperity of the

society." It cannot be claimed that the acts in question were of such character. The president has power to call meetings of the board whenever he may deem it expedient. The society could have suffered no detriment by deferring this matter until it could be submitted to the action of the board. Besides, the board, by requiring the committee appointed by it to report to the board, impliedly expressed a determination to act ultimately upon the matter, and, by implication, denied to the executive committee the power of doing so. In addition to all this, but two of the three members of the executive committee acted in the premises. The articles of incorporation confer no powers upon a majority of the executive committee.

II. It is claimed, however, that defendant has ratified the contract. The evidence shows that after the purchase, under the direction of Wetmore and Prior, the society did considerable work upon this ground, filling up the track. It does not appear what proportion of the members of the society assisted in this work, nor that they had actual knowledge of the manner in which the contract was made. The acts of these members do not estop the society from insisting upon the invalidity of the contract. All that was done was under the direction of the parties who made the illegal contract.

2. ——: ——: ratification.

AFFIRMED.